IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

JILL ANN O'BRIEN,

        Plaintiff,

v.                                              CIVIL ACTION NO.:  2:20-cv-00419

MICHAEL PATRICK MORRIS, Individually,
CLAY COUNTY SHERIFF'S DEPARTMENT; and
MICHAEL W. ASBURY, in his official capacity
as CIRCUIT CLERK OF CLAY COUNTY,
WEST VIRGINIA,

        Defendants.

## COMPLAINT

For her Complaint against the defendants, the plaintiff, Jill Ann O'Brien, by counsel, states as follows:

### PARTIES

1. The plaintiff, Jill Ann O'Brien, is a resident of Clay County, West Virginia.

2. The defendant, Michael Patrick Morris, is, upon information and belief, a resident of Clay County, West Virginia.

3. The defendant, Clay County Sheriff's Department, is a governmental entity in Clay County, West Virginia.

4. The defendant, Michael W. Asbury, is the Circuit Clerk of Clay County, West Virginia.

1

JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C.§1331 (federal question jurisdiction) as plaintiff's claims arise pursuant to 42 U.S.C. §1983. Venue is proper pursuant to 28 U.S.C.§1391(b).

FACTS

6. The plaintiff, Jill Ann O'Brien, began employment with the Clay County Circuit Clerk's Office in approximately August of 2018.

7. The plaintiff, Jill Ann O'Brien, continues to be employed by the Clay County Circuit Clerk's Office as a Deputy Clerk.

8. During her employment, Jill Ann O'Brien consistently performed her duties in a satisfactory manner and met the reasonable expectations of the Clay County Circuit Clerk's Office.

9. The defendant, Michael Patrick Morris, is a deputy sheriff for the defendant, Clay County Sheriff's Department.

10. During the fall of 2018, the defendant, Michael Patrick Morris, began repeatedly making sexually inappropriate comments to the plaintiff, Jill Ann O'Brien. These comments included:

"I will f*** you in the backseat of your truck."

"Let me see your tits."

"What time will your husband be home? I will come over tonight."

11. Beginning in 2019, the defendant, Michael Patrick Morris, physically assaulted the plaintiff, Jill Ann O'Brien, in a sexual manner. The sexual assaults included:

Smacking her rear-end with his hand.

Touching her breasts.

Putting his hand down her shirt.

Throwing a piece of chocolate down her shirt and telling the plaintiff, Jill Ann O'Brien, that he would retrieve it.

12. On March 19, 2019, the defendant, Michael Patrick Morris, drove his police cruiser behind the plaintiff's truck and turned on his blue lights without cause. The plaintiff stopped and the defendant, Michael Patrick Morris, came up to her vehicle and told her how "f***able" she was. The plaintiff, as in all occasions, rejected these advances.

13. On several other occasions, the defendant, Michael Patrick Morris, would drive his cruiser close to the plaintiff's bumper and turn on his blue lights. The plaintiff refused to stop.

14. During 2019, the defendant, Michael Patrick Morris, blocked the plaintiff in her office, refusing to let her leave, and grabbed the belt loop of her pants and tried to put his hand down her pants.

15. On July 9, 2019, the defendant, Michael Patrick Morris, came to the plaintiff's desk in the Clay County Circuit Clerk's Office, called her a "bitch" and then tried to touch her breasts under her clothing. The plaintiff slapped him and told him to sop.

16. The defendant, Michael Patrick Morris, repeatedly called the plaintiff a bitch.

17. On August 5, 2019, the defendant, Michael Patrick Morris, entered the Clay County Circuit Clerk's Office and told the plaintiff to look at his cell phone. It was a picture of the defendant, Michael Patrick Morris, in full uniform with his pants unzipped and his penis in his hand. The plaintiff said she did not want to see that. The defendant, Michael Patrick Morris, then grabbed her by her pants and put his hands down the back of her pants. The plaintiff, Jill Ann O'Brien, tried to kick Defendant Morris and told him to stop.

18. On another occasion, the defendant, Michael Patrick Morris, entered the Clay County Circuit Clerk's Office and grabbed the plaintiff's crotch area. The plaintiff kicked him and told him to stop.

19. During August of 2019, the plaintiff went to Michael W. Asbury, her supervisor and also the Circuit Clerk of Clay County, and told him how Defendant Morris had been harassing her, including inappropriate touching, vulgar comments and following her in his county-owned cruiser.

20. During August of 2019, the plaintiff, Jill Ann O'Brien, also spoke with the Chief Deputy Ryan Thomas of the Clay County Sheriff's Office and told him about these issues. Deputy Thomas responded that there are always two sides to a story and that he told Deputy Morris that if the allegations were true they needed to stop.

21. The defendant, Michael Patrick Morris, then went to the State Police Academy and the plaintiff had no contact with him for a period of time.

22. By April 1, 2020, the defendant, Michael Patrick Morris, had returned to work in Clay County. Defendant Morris entered the Circuit Clerk's office and kicked the plaintiff's chair. Defendant Morris then proceeded to grab his crotch and tell the plaintiff, Jill Ann O'Brien, that she needed it. She said she did not.

23. All of the aforementioned incidents of verbal and physical sexual abuse by the defendant, Michael Patrick Morris, against the plaintiff, Jill Ann O'Brien, were unwelcome and were rebuffed by the plaintiff.

24. All of the aforesaid actions of the defendant, Michael Patrick Morris, occurred while he was acting within the scope of his employment.

25. On April 9, 2020, the plaintiff, Jill Ann O'Brien filed a petition for a personal safety order.

26. A hearing was held before Magistrate Jeffrey Boggs on April 14, 2020, on plaintiff's petition. An Order was entered by Magistrate Boggs in the plaintiff's favor on April 14, 2020. After the hearing on the personal order, Michael W. Asbury, the plaintiff's supervisor and Circuit Clerk of Clay County, on or about May 5, 2020, stuck his finger in the plaintiff's face and threatened her if she ever filed a lawsuit against him.

## COUNT ONE

## 42 U.S.C.§1983

27. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-26 of this Complaint as though more fully set forth herein.

28. The defendant, Michael Patrick Morris, while on duty as a deputy sheriff of the defendant, Clay County Sheriff's Department, while wearing a uniform and a gun issued by the Clay County Sheriff's Department and while driving a police vehicle owned by the Clay County Sheriff's Department, and acting under color of state law, unlawfully detained the plaintiff in violation of her Fourth Amendment rights.

29. The defendant, Michael Patrick Morris, while on duty as a deputy sheriff of the defendant, Clay County Sheriff's Department and while wearing a uniform and a gun issued by the Clay County Sheriff's Department, and acting under color of state law, sexually assaulted the plaintiff on multiple occasions in violation of her due process rights and in violation of her equal protection rights under the Fourteenth Amendment of the United States Constitution.

30. The defendant, Michael Patrick Morris, while on duty as a deputy sheriff of the defendant, Clay County Sheriff's Department and while wearing a uniform and gun issued by the

Clay County Sheriff's Department, and acting under color of state law, sexually assaulted the plaintiff in violation of the plaintiff's substantive due process right to bodily integrity or privacy.

31. As a direct and proximate result of the defendant's actions, the plaintiff has suffered damages in the form of emotional distress, humiliation and embarrassment.

32. The defendant, Michael Patrick Morris, acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others warranting an assessment of punitive damages against the defendant.

33. The actions of defendant, Michael Patrick Morris, entitle the plaintiff to an award of attorney fees and costs.

## COUNT TWO

### Sexual Harassment Against Defendant Michael Patrick Morris

34. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-33 of this Complaint as though more fully set forth herein.

35. Defendant Michael Patrick Morris' actions/inactions constituted sexual harassment in violation of the West Virginia Human Rights Act.

36. As a direct and proximate result of the defendant's aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, and annoyance and inconvenience in an amount to be determined by the jury.

37. Defendant Michael Patrick Morris acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others warranting an assessment of punitive damages against the defendant, Michael Patrick Morris.

38. The actions of defendant entitle the plaintiff to an award of attorney fees and costs.

COUNT THREE

Sexual Harassment Against Defendant Clay County Sheriff's Department

39. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-38 of this Complaint as though more fully set forth herein.

40. Defendant Clay County Sheriff's Department's actions/inactions constituted sexual harassment in violation of the West Virginia Human Rights Act.

41. As a direct and proximate result of the defendant's aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, and annoyance and inconvenience in an amount to be determined by the jury.

42. Defendant Clay County Sheriff's Department acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others warranting an assessment of punitive damages against the defendant, Clay County Sheriff's Department.

43. The actions of defendant entitle the plaintiff to an award of attorney fees and costs.

COUNT FOUR

Hostile Work Environment Against Michael W. Asbury, in his official capacity as Circuit Clerk of Clay County, West Virginia

44. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-43 of this Complaint as though more fully set forth herein.

45. The actions/inactions of the defendant, Michael W. Asbury, in his official capacity as Circuit Clerk of Clay County, West Virginia, constituted sexual harassment and/or created a hostile work environment for the plaintiff, in violation of the West Virginia Human Rights Act.

46. As a direct and proximate result of the defendant's aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, and annoyance and inconvenience in an amount to be determined by the jury.

47. Defendant Michael W. Asbury, in his official capacity as Circuit Clerk of Clay County, West Virginia, acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others warranting an assessment of punitive damages against the defendant, Michael W. Asbury, in his official capacity as Circuit Clerk of Clay County, West Virginia.

48. The actions of defendant entitle the plaintiff to an award of attorney fees and costs.

## COUNT FIVE

### Negligent Retention Against Clay County Sheriff's Department

49. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-48 of this Complaint as though more fully set forth herein.

50. The Clay County Sheriff's Department was on notice that its employee, the defendant, Michael Patrick Morris, was sexually harassing the plaintiff and failed to take appropriate action against him.

51. The defendant, Clay County Sheriff's Department's failure to take appropriate action constituted negligent retention in violation of the common law of West Virginia.

52. As a direct and proximate result of the defendant's aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, and annoyance and inconvenience in an amount to be determined by the jury.

53. Defendant Clay County Sheriff's Department acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of

others warranting an assessment of punitive damages against the defendant, Clay County Sheriff's Department.

54. The actions of defendant entitle the plaintiff to an award of attorney fees and costs.

## COUNT SIX

### Negligent Training Against Clay County Sheriff's Department

55. The plaintiff hereby adopts and incorporates by reference the allegations of Paragraphs 1-54 of this Complaint as though more fully set forth herein.

56. The Clay County Sheriff's Department failed to adequately train its employee, Defendant Michael Patrick Morris, to refrain from sexually harassing the plaintiff.

57. Defendant Clay County Sheriff's Department's failure to properly train and supervise its employee, Defendant Michael Patrick Morris, constitutes negligent training and supervision in violation of the common law of West Virginia.

58. As a direct and proximate result of the defendant's aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, and annoyance and inconvenience in an amount to be determined by the jury.

59. Defendant Clay County Sheriff's Deparment acted with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others warranting an assessment of punitive damages against the defendant, Clay County Sheriff's Department.

60. The actions of defendant entitle the plaintiff to an award of attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Jill Ann O'Brien, prays for the following relief:

1. Damages set forth in her Complaint;

2. Pre-judgment interest as provided by law;

3. Attorney fees and costs; and

4. Such further relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

                    JILL ANN O'BRIEN
                    By Counsel


*/s/ Mark A. Atkinson*
Mark A. Atkinson (WVSB #184)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV  25322-0549
(304) 346-5100