# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**JILL ANN O'BRIEN,**

    **Plaintiff,**

**v.**                             **CIVIL ACTION NO.: <u>2:20-CV-00419</u>**
                                            **Judge Johnston**

**MICHAEL PATRICK MORRIS, Individually,**
**CLAY COUNTY SHERIFF'S DEPARTMENT; and**
**MICHAEL W. ASBURY, in his official capacity**
**as CIRCUIT CLERK OF CLAY COUNTY,**
**WEST VIRGINIA,**

    **Defendants.**

## DEFENDANT MICHAEL PATRICK MORRIS' ANSWER TO PLAINTIFF'S COMPLAINT

    NOW COMES the defendant, Michael Patrick Morris, by counsel, and for his Answer to the Complaint filed against him by plaintiff, states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

1.     This defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.     This defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.     This defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.     This defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     This defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7. This defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9. This defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. This defendant denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. This defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. This defendant denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13. This defendant denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. This defendant denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. This defendant denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16. This defendant denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. This defendant denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18. This defendant denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20. This defendant denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

21. This defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. This defendant denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. This defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. This defendant denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25. This defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of plaintiff's Complaint, this defendant admits that a hearing was held before Magistrate Jeffrey Boggs on April 14, 2020 on plaintiff's petition and that an order was entered in plaintiff's favor. This defendant is without sufficient information, knowledge, or belief to either admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, denies the same.

27. In response to Paragraph 27 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-26 of the Complaint.

28. This defendant denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29. This defendant denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30. This defendant denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. This defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32. This defendant denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33. This defendant denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34. In response to Paragraph 34 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-33 of the Complaint.

35. This defendant denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36. This defendant denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37. This defendant denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38. This defendant denies the allegations contained in Paragraph 38 of the Complaint and demands strict proof thereof.

39. In response to Paragraph 39 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-38 of the Complaint.

40. This defendant denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41. This defendant denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42. This defendant denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43. This defendant denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. In response to Paragraph 44 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-43 of the Complaint.

45. This defendant denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

46. This defendant denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

47. This defendant denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48. This defendant denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

49. In response to Paragraph 49 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-48 of the Complaint.

50. This defendant denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. This defendant denies the allegations contained in Paragraph 51 of the Complaint and demands strict proof thereof.

52. This defendant denies the allegations contained in Paragraph 52 of the Complaint and demands strict proof thereof.

53. This defendant denies the allegations contained in Paragraph 53 of the Complaint and demands strict proof thereof.

54. This defendant denies the allegations contained in Paragraph 54 of the Complaint and demands strict proof thereof.

55. In response to Paragraph 55 of the Complaint, this defendant incorporates by reference his responses to Paragraphs 1-54 of the Complaint.

56. This defendant denies the allegations contained in Paragraph 56 of the Complaint and demands strict proof thereof.

57. This defendant denies the allegations contained in Paragraph 57 of the Complaint and demands strict proof thereof.

58. This defendant denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59. This defendant denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

60. This defendant denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

61. This defendant denies each and every allegation to the Complaint which is not specifically and expressly admitted herein.

### THIRD DEFENSE

This defendant denies that the plaintiff is entitled to any relief as requested in the prayer for relief in the Complaint.

### FOURTH DEFENSE

This defendant asserts the affirmative defenses of assumption of the risk, waiver, estoppel, laches, statute of limitations, and statute of repose, and hereby preserves each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

### FIFTH DEFENSE

The action described in the Complaint was a result of a cause or causes over which this defendant had no control.

### SIXTH DEFENSE

Plaintiff assumed the risk of any and all damages of which the plaintiff complains and, therefore, plaintiff is barred from any recovery herein.

## SEVENTH DEFENSE

All of the claims of the plaintiff asserted herein were proximately caused or contributed to by superseding and intervening cause or causes other than an act or omission on the part of this defendant and, accordingly, recovery or relief against this defendant cannot be had.

## EIGHTH DEFENSE

This defendant also incorporates by reference any affirmative defenses raised by the other defendants, to the extent that they are applicable.

## NINTH DEFENSE

To the extent that they apply, this defendant asserts and preserves the defenses and immunities contained in West Virginia Code § 29-12A-1 *et seq*. and West Virginia Code § 7-14A-1 *et seq*.

## TENTH DEFENSE

This defendant raises and preserves the defenses of absolute and qualified immunity and any other immunity or immunities available to this defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution, the West Virginia Code, and West Virginia common law.

## ELEVENTH DEFENSE

Punitive damages are prohibited by West Virginia Code § 29-12A-7.

## TWELFTH DEFENSE

The Complaint, to the extent that it seeks punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of West Virginia, and therefore, fails to state a cause of action upon which punitive damages can be awarded.

## THIRTEENTH DEFENSE

The Complaint, to the extent it seeks punitive damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia, and violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia and therefore fails to state a cause of action supporting the punitive damages claimed.

## FOURTEENTH DEFENSE

To the extent that plaintiff is making a claim for simple negligence against this defendant, that claim is barred by the Governmental Tort Claims and Insurance Reform Act (West Virginia Code § 29-12A-1 *et seq.*).

## FIFTEENTH DEFENSE

This defendant denies he acted in violation of the plaintiff's rights, and further he denies that he acted recklessly, willfully, unlawfully, and/or intentionally.

## SIXTEENTH DEFENSE

The injuries, if any, of which the plaintiff complains, were caused by her own misconduct or that of another and were in no way attributable to this defendant.

## SEVENTEENTH DEFENSE

This defendant has breached no duty owed to the plaintiff.

## EIGHTEENTH DEFENSE

The plaintiff has failed to mitigate her damages, if any.

## NINETEENTH DEFENSE

The plaintiff failed to file any complaint with her employer(s) prior to filing her Complaint with this Court and failed to follow established grievance procedures of her employer.

## TWENTIETH DEFENSE

Plaintiff's common law claims for sex discrimination and sexual harassment are contrary to substantial public policy of the State of West Virginia, and plaintiff fails to state a claim upon which relief can be granted because such public policy claims are only applicable under West Virginia common law where there has been a wrongful or retaliatory discharge.

## TWENTY-FIRST DEFENSE

Plaintiff cannot establish that she suffered severe emotional distress and, thus, cannot establish a claim for intentional infliction of emotional distress.

TWENTY-SECOND DEFENSE

Any alleged actions towards plaintiff were not unwelcome.

TWENTY-THIRD DEFENSE

The conduct about which plaintiff complains was not sufficiently severe and/or pervasive to create a hostile working environment as a matter of law.

TWENTY-FOURTH DEFENSE

If plaintiff did suffer any damages – and defendant maintains that she did not – plaintiff's damages are speculative and unavailable as a matter of law.

TWENTY-FIFTH DEFENSE

Defendant denies that he engaged in any unlawful discriminatory act under the West Virginia Human Rights Act.

TWENTY-SIXTH DEFENSE

Defendant denies that he engaged in any act or failed to act where there was a legal duty to do so resulting in a hostile work environment under the West Virginia Human Rights Act or any other law.

TWENTY-SEVENTH DEFENSE

This Defendant is entitled to immunity from any award of damages because he did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiff.

## TWENTY-EIGHTH DEFENSE

This Defendant is entitled to qualified and absolute immunity.

## TWENTY-NINTH DEFENSE

This Defendant raises the affirmative defenses of immunity, contributory and/or comparative negligence, and any other affirmative defense, including defenses set forth in the Federal Rules of Civil Procedure which may prove applicable after discovery.

## THIRTIETH DEFENSE

At no time did defendant act under the color of law under 42 USC §1983.

## THIRTY-FIRST DEFENSE

This Defendant raises and reserve the right to file additional affirmative defenses including statute of limitations, counterclaims, cross claims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

**WHEREFORE**, defendant, Michael Patrick Morris, prays that the plaintiff's Complaint be dismissed, that all relief prayed for therein be denied, and that he be granted his attorney's fees and court costs incurred in and about the defense of this action.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

        **MICHAEL PATRICK MORRIS,**

        **By counsel,**

        s/ James C. Stebbins, Esq.

James C. Stebbins, Esq., WVSB No. 6674
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV  25326
Telephone:   (304) 345-2000
Facsimile:    (304) 343-7999
jstebbins@lewisglasser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JILL ANN O'BRIEN,**

    **Plaintiff,**

v.                                      **CIVIL ACTION NO.: <u>2:20-CV-00419</u>**
                                         **Judge Johnston**

**MICHAEL PATRICK MORRIS, Individually,
CLAY COUNTY SHERIFF'S DEPARTMENT; and
MICHAEL W. ASBURY, in his official capacity
as CIRCUIT CLERK OF CLAY COUNTY,
WEST VIRGINIA,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2020, I electronically filed the foregoing **DEFENDANT MICHAEL PATRICK MORRIS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                         Mark A. Atkinson, Esq.
                         Atkinson & Polak, PLLC
                         P. O. Box 549
                         Charleston, WV  25322
                         **COUNSEL FOR PLAINTIFF**

                         s/ James C. Stebbins, Esq.
                         James C. Stebbins, Esq., WVSB No. 6674
                         **LEWIS GLASSER PLLC**
                         P. O. Box 1746
                         Charleston, WV  25326
                         Telephone:    (304) 345-2000
                         Facsimile:     (304) 343-7999
                         jstebbins@lewisglasser.com
                         *Counsel for Michael Patrick Morris*