## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN OF WEST VIRGINIA
## CHARLESTON

**JILL ANN O'BRIEN,**

      **Plaintiff,**

v.                                        **CIVIL ACTION NO.: 2:20-cv-00419**
                                            **HONORABLE THOMAS E.**
                                            **JOHNSTON**

**MICHAEL PATRICK MORRIS,**
**individually; CLAY COUNTY SHERIFF'S**
**DEPARTMENT and MICHAEL W.**
**ASBURY, in his capacity as Circuit**
**Clerk of Clay County, WV,**

      **Defendants.**

### DEFENDANTS', CLAY COUNTY SHERIFF'S DEPARTMENT AND MICHAEL W. ASBURY, ANSWER TO COMPLAINT

**NOW COMES** the Defendants, Clay County Sheriff's Department and Michael W. Asbury, in his capacity as Circuit Clerk of Clay County, West Virginia, by counsel, Wendy E. Greve, Jacob D. Layne, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answers Plaintiff's Complaint.

### GENERAL RESPONSE AND PREAMBLE

This responsive pleading has been prepared, served, and filed by counsel for these Defendants under the Federal Rules of Civil Procedure. As permitted by Rule 8(e) (2), defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of apparent consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent

with the Federal Rules of Civil Procedure. No discovery has been conducted to date in the above-captioned civil action. In order to preserve important legal rights and protection, these Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe do or may apply to some or all of the claims raised therein. These Defendants reserve the right to withdraw, modify or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

1. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore deny the same.

3. Defendants deny the statements and allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the statements and allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 5 as containing allegations against these Defendants, Defendants deny the same.

6. Upon information and belief, the start date is correct, Defendants deny the remainder of the allegations in Paragraph 6.

7. Upon information and belief Plaintiff works at the Clay County Circuit Clerk's Office as a Deputy Clerk and Defendants deny the remainder of the allegations in

Paragraph 7.

8. Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 and deny the same.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Defendant Morris is on unpaid leave from the Clay County Sheriff's Department.

10. The statements and allegations contained in Paragraph 10 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

11. The statements and allegations contained in Paragraph 11 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

12. The statements and allegations contained in Paragraph 12 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

13. The statements and allegations contained in Paragraph 13 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to

these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

14. The statements and allegations contained in Paragraph 14 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

15. The statements and allegations contained in Paragraph 15 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

16. The statements and allegations contained in Paragraph 16 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

17. The statements and allegations contained in Paragraph 17 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

18. The statements and allegations contained in Paragraph 18 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

19. Defendants deny the statements and allegations contained in Paragraph 19 of Plaintiff's Complaint.

20 Defendants deny the statements and allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Michael Morris attended the West Virginia State Police Academy. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. The statements and allegations contained in Paragraph 22 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

23. The statements and allegations contained in Paragraph 23 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

24. Defendants deny the statements and allegations contained in Paragraph 24 of

Plaintiff's Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26. Defendants deny the statements and allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT ONE
## 42 U.S.C. §1983

27. In response to Paragraph 27 of Plaintiff's Complaint, these Defendants hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 26 of Plaintiff's Complaint, contained herein above.

28. Defendants deny the statements and allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the statements and allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the statements and allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the statements and allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. The statements and allegations contained in Paragraph 32 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

33. The statements and allegations contained in Paragraph 33 of the Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

### COUNT TWO
### Sexual Harassment Against Defendant Michael Patrick Morris

34. In response to Paragraph 34 of Plaintiff's Complaint, this Defendant hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 33 of Plaintiff's Complaint, contained herein above.

35. Defendants deny the statements and allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the statements and allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the statements and allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the statements and allegations contained in Paragraph 38 of Plaintiff's Complaint.

### COUNT THREE
### Sexual Harassment Against Defendant Clay County Sheriff's Department

39. In response to Paragraph 39 of Plaintiff's Complaint, this Defendant hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 38 of Plaintiff's Complaint, contained herein above.

40. Defendants deny the statements and allegations contained in Paragraph 40 of

Plaintiff's Complaint.

41. Defendants deny the statements and allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the statements and allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the statements and allegations contained in Paragraph 43 of Plaintiff's Complaint.

## COURT FOUR
### Hostile Work Environment Against Michael W. Asbury, in his official capacity as Circuit Clerk of Clay County, West Virginia

44. In response to Paragraph 44 of Plaintiff's Complaint, these Defendants hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 43 of Plaintiff's Complaint, contained herein above.

45. Defendants deny the statements and allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the statements and allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the statements and allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the statements and allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT FIVE
### Negligent Retention Against Clay County Sheriff's Department

49. In response to Paragraph 49 of Plaintiff's Complaint, these Defendants

hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 48 of Plaintiff's Complaint, contained herein above.

50. Defendants deny the statements and allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the statements and allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the statements and allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the statements and allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to the relief requested.

### COUNT SIX
### Negligent Training Against Clay County Sheriff's Department

55. In response to Paragraph 55 of Plaintiff's Complaint, these Defendants hereby incorporate by reference, as fully stated herein, its responses to Paragraphs 1 to 54 of Plaintiff's Complaint, contained herein above.

56. Defendants deny the statements and allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the statements and allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the statements and allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the statements and allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the statements and allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Answering the WHEREFORE paragraph, and subparagraphs 1-4, of Plaintiff's Complaint, these Defendants state that the Plaintiff is not factually, legally, or equitably entitled to the relief prayed for.

## FIRST DEFENSE

These Defendants assert and preserve the defenses and immunities contained in West Virginia Code § 29-12A-1, *et seq.*

## SECOND DEFENSE

These Defendants raise and preserve the defenses of qualified immunity and any other immunity available to these Defendants pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution, and the West Virginia Code.

## THIRD DEFENSE

These Defendant deny that they engaged in any unlawful discriminatory act under the West Virginia Human Rights Act.

## FOURTH DEFENSE

These Defendants deny that they engaged in any act or failed to act where there was a legal duty to do so resulting in a hostile work environment under the West Virginia Human Rights Act or any other law.

## FIFTH DEFENSE

The injuries of the Plaintiff, if any, were caused by the misconduct of the Plaintiff or

acts of others which these Defendants had no control.

## SIXTH DEFENSE

To the extent that Plaintiff is making a claim for simple negligence or vicarious liability, that claim is barred by the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code §§ 29-12A-1, et seq.

## SEVENTH DEFENSE

These Defendants are entitled to immunity from any award of damages because it did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiff.

## EIGHTH DEFENSE

These Defendants are entitled to qualified and absolute immunity.

## NINTH DEFENSE

These Defendants raise the affirmative defenses of immunity, contributory and/or comparative negligence, and any other affirmative defense, including defenses set forth in the Federal Rules of Civil Procedure which may prove applicable after discovery.

## TENTH DEFENSE

These Defendants are immune from any and all causes of action under the laws of the United States of America and/or the State of West Virginia including, but not limited to, W. Va. Code §§ 29-12A-1, et seq.

## ELEVENTH DEFENSE

These Defendants are immune from Plaintiff's claims for punitive damages, if any, which additionally violate the laws of the United States of America and the State of West Virginia.

## TWELFTH DEFENSE

These Defendant assert that it is immune from actions of its employees allegedly taken outside of the scope of official lawful authority and therefore privileged and immune from the claims asserted in Plaintiff's Complaint.

## THIRTEENTH DEFENSE

These Defendants raise and reserve the right to file additional affirmative defenses including statute of limitations, counterclaims, cross claims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## FOURTEENTH DEFENSE

These Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and specifically preserve the defenses of failure to serve and insufficient service of process available under Rule 12 (b) (4) and (5).

## JURY DEMAND

These Defendants respectfully request a trial by jury on all issues

>Clay County Sheriff's Department and Michael W. Asbury, in his capacity as Circuit Clerk of Clay County, WV
>By Counsel,
>
>*/s/ Wendy E. Greve*
>Wendy E. Greve, WV State Bar No. 6599
>Jacob Layne, WV State Bar No. 11973

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF WEST VIRGINIA
CHARLESTON**

**JILL ANN O'BRIEN,**

      **Plaintiff,**

**v.**                                            **CIVIL ACTION NO.: 2:20-cv-00419
HONORABLE THOMAS E.
JOHNSTON**

**MICHAEL PATRICK MORRIS,
individually; CLAY COUNTY SHERIFF'S
DEPARTMENT and MICHAEL W.
ASBURY, in his capacity as Circuit
Clerk of Clay County, WV,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on **the 20th day of July 2020,** I electronically filed the foregoing ***Defendants', Clay County Sheriff's Department and Michael W. Asbury, Answer to Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Mark A. Atkinson, Esq.
Atkinson & Polak, PLLC
300 Summers Street, Ste. 1300
Post Office Box 549
Charleston, WV  25333
Counsel for Plaintiff

James C. Stebbins
Lewis Glasser, PLLC
PO Box 1746
Charleston, WV  25326
Counsel for Defendant Michael Morris

14

                                      */s/ Wendy E. Greve*
                                  Wendy E. Greve, WV State Bar No. 6599
                                  Jacob Layne, WV State Bar No. 11973

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:     (304) 342-1545