IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


JILL ANN O'BRIEN,

        Plaintiff,


v.                                       CIVIL ACTION NO.:  2:20-cv-00419


MICHAEL PATRICK MORRIS, Individually,
CLAY COUNTY SHERIFF'S DEPARTMENT; and
MICHAEL W. ASBURY, in his official capacity
as CIRCUIT CLERK OF CLAY COUNTY,
WEST VIRGINIA,

        Defendants.


**PLAINTIFF'S NOTICE OF INTENT TO INTRODUCE EVIDENCE
OF OTHER ACTS OF DEFENDANT MICHAEL PATRICK MORRIS**

---

Plaintiff Jill Ann O'Brien has alleged she was sexually and physically assaulted and sexually harassed repeatedly by defendant Michael Patrick Morris.  Mr. Morris has denied all allegations under oath.  Thus, credibility is one of the central issues in this case.

Numerous witnesses have testified that they were also sexually harassed and/or assaulted and physically assaulted by the defendant Michael Patrick Morris.

For example, Hayley Morris (no relation), testified that Mr. Morris, on more than 10 occasions, touched her breast and tried to touch her through her pants.  On more than 10 occasions, defendant Morris attempted to remove her bra. On one occasion, defendant Morris entered Hayley Morris' home and forced himself on her and committed a sexual act.

1

Amanda Moore testified that defendant Morris frequently referred to her as "beautiful" and "gorgeous". Ms. Moore did not respond to these advances. Consequently, defendant Morris pinned her against a wall and twisted her hand behind her back. He then entered her place of business and pointed a gun in her face.

Lydia Brogan will testify at trial that defendant Morris turned on his blue light and attempted to pull her over for no reason (he did the same thing to Jill O'Brien).

Felicia Dawson has testified that defendant Morris told her to "deny, deny, deny" any sexual activities he had with her. Ms. Dawson testified she wished to end any sexual activities with defendant Morris and he responded that the activities would end when he wanted them to end.

**Legal Standard**

The United States Supreme Court has made it clear that Federal Rule of Evidence 404(b) applies to civil and criminal cases. In <u>Huddleston v. United States</u>, 485 U.S. 681, 108 S.Ct. 1496, 99 LEd. 2d 771 (1988), the Court stated that the following analysis should be followed in admitting 404(b) evidence. First, a finding under Federal Rule of Evidence 104(b) must be made that a jury could reasonably conclude that the evidence to be proffered was genuine. Second, Rule 404(b) requires the evidence to be offered for a proper purpose (such purposes are listed below). Third, the Court does a relevancy analysis under Rule of Evidence 402. Fourth, the trial court must analyze the evidence under Rule of Evidence 403 to determine whether the probative value of the similar acts of evidence is substantially outweighed by its potential for unfair prejudice. Fifth, a limiting instruction under Federal Rule of Evidence 105 may be necessary.

The Fourth Circuit Court of Appeals has acknowledged that 404(b) applies in both civil and criminal actions as stated in <u>Huddleston</u>.  <u>Koch v. Sports Health Home Care Corporation</u>, 54 F.3d 773 (1995).

The first requirement of this analysis, under Federal Rule of Evidence 104(b), can be made by either a review of the deposition transcripts of the aforementioned witnesses or by having these witnesses testify at a hearing.

The second requirement of the 404(b) evidence being offered for a proper purpose is satisfied by the plaintiff offering the aforementioned evidence for the following purposes:

      a.     Motive  -  Defendant Morris had a motive of sexual gratification and using his authority and power over women.  This was done against Jill O'Brien and against numerous other witnesses.

      b.     Intent  -  Defendant Morris used physical intimidation and threats of coercion to carry out his sexual assaults on women.  Many of his sexual assaults occurred while he was in uniform, carrying a gun and/or using his police cruiser.

      c.     Plan  -  Defendant Morris commonly pulled over women using his police car with its siren and blue light flashing in order to sexually assault them and/or harass them.

      d.     Knowledge  -  Defendant Morris had knowledge that what he was doing was inappropriate and illegal.  Thus, he instructed a victim to "deny, deny, deny" his activities.

      e.     Absence of Mistake  -  It is anticipated that Defendant Morris may claim he was simply joking with plaintiff Jill O'Brien.  The testimony from these other women make clear his activities were no joke.

3

f.    Lack of Accident  -  Defendant Morris may try to testify that if he touched the plaintiff inappropriately it was merely an accident.  The testimony from other witnesses is strong evidence that this was not an accident.

It is also important to note that this "other acts" evidence is relevant to the plaintiff's damages.  Plaintiff Jill O'Brien knows that the defendant is capable of pulling a gun on a woman, raping a woman and countless other illegal acts.  She has to live in a very small community with him.  Ms. O'Brien's expert witnesses are prepared to testify that this a major issue now and will be a major issue throughout Jill O'Brien's life.

The third prong of the Huddleston test requires a relevancy analysis.  As stated above, this evidence is relevant to show the defendant's motive, intent, plan, knowledge, absence of mistake and lack of accident, all of which are proper purposes under 404(b).  It is also relevant to show the plaintiff's damages.

The next prong of the Huddleston test is to do a 403 analysis.  As stated above, this evidence is relevant in numerous ways.  The defendant must show that the probative value of this evidence is "substantially outweighed by its potential for unfair prejudice."  There is nothing unfair about telling the jury the truth in this case.

The final prong of the Huddleston analysis is that, if necessary, the Court can give a limiting instruction under Federal Rule of Evidence 105.  It is the plaintiff's position that there is no unfair prejudice whatsoever in admitting this evidence.  If the Court feels there is any potential prejudice to the plaintiff, however, that issue can be cleared up with a proper limiting instruction.

Accordingly, the plaintiff requests that, pursuant to Huddleston v. United States, a 404(b) hearing be held in this matter, at a time determined by the Court, to take testimony, if necessary, and analyze these issues.  For the reasons set forth in this Notice of Intent to Introduce Evidence of Other Acts of defendant Michael Patrick Morris, the evidence to be supplied by these other witnesses is relevant and admissible at trial.  Accordingly, the plaintiff requests the Court to enter an Order, subsequent to its hearing on these matters, that such evidence is admissible.

JILL ANN O'BRIEN
By Counsel


*/s/ Mark A. Atkinson*
Mark A. Atkinson (WVSB #184)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV  25322-0549
(304) 346-5100

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


JILL ANN O'BRIEN,

        Plaintiff,


v.                              CIVIL ACTION NO.:  2:20-cv-00419


MICHAEL PATRICK MORRIS, Individually,
CLAY COUNTY SHERIFF'S DEPARTMENT; and
MICHAEL W. ASBURY, in his official capacity
as CIRCUIT CLERK OF CLAY COUNTY,
WEST VIRGINIA,

        Defendants.

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Plaintiff, do hereby certify that on June 18, 2021, I electronically filed the "PLAINTIFF'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS OF DEFENDANT MICHAEL PATRICK MORRIS" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Wendy E. Greve, Esquire
Jacob D. Layne, Esquire
PULLIN, FOWLER, FLANAGAN,
BROWN & POE, PLLC
901 Quarrier Street
Charleston, WV  25301
*Counsel for Clay County Sheriff's Department and*
*Michael W. Asbury, in his official capacity as*
*Circuit Clerk of Clay County, West Virginia*

6

James C. Stebbins, Esquire
Ramonda Marling, Esquire
LEWIS, GLASSER, CASEY & ROLLINS
P.O. Box 1746
Charleston, WV  25326
*Counsel for Michael Patrick Morris*

*/s/ Mark A. Atkinson*
Mark A. Atkinson (WVSB #184)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV  25322-0549
(304) 346-5100
*Counsel for Plaintiff*